963 A.2d 898

STATE of New Jersey, Plaintiff,

v.

David A. O'CONNOR, Dustin Walton, and Patrick Nadeau, Defendants.

Municipal Court, Byram Township,
Sussex County,
New Jersey.

Decided Sept. 11, 2008.

BOWE, J.M.C.

The offenses charged in the captioned summonses all arose out of the same facts and circumstances and were consolidated for trial pursuant to *Rule* 7:8–4. The defendants were charged with violating *N.J.S.A.* 13:9–19, which says:

> In any district for which fire wardens have been appointed under the provisions of this chapter, no person shall set fire to or cause to be set on fire in any manner whatsoever; or to start fires anywhere and permit them to spread to forests, thereby causing damage to or threat to life or property, either accidentally or otherwise, directly or indirectly, in person or by agent, or cause to be burned waste, fallows, stumps, logs, brush, dry grass, fallen timber or any property,

material, or vegetation being grown thereon, or anything that may cause a forest fire, without first obtaining the written permission of the department.

In addition, the member of the New Jersey Forest Fire Service who charged the defendants with violating *N.J.S.A.* 13:9–19 issued a second summons to each defendant seeking "recovery of costs associated with extinguishing the open burn w/o permit," pursuant to *N.J.S.A.* 13:9–44.9.

The threshold question in this case is, "Does a municipal court have original jurisdiction to assess penalties for violation of *N.J.S.A.* 13:9–19?" This court's research has disclosed no case on point that would provide the answer. This appears to be a case of first impression. For the reasons articulated below, the court holds that a municipal court does not have original jurisdiction to assess penalties for violation of *N.J.S.A.* 13:9–19. Accordingly, the captioned summonses must be dismissed.

If a violation of *N.J.S.A.* 13:9–19 is alleged to have occurred, the Department of Environmental Protection (DEP) is authorized under *N.J.S.A.* 13:9–44.10 to:

1. Institute a civil action for injunctive relief to prohibit and prevent such violation;
2. Collect any penalties under "the penalty enforcement law," *N.J.S.A.* 2A:58–1, et seq.;
3. Petition the attorney general to bring a criminal action against any person who knowingly commits a violation;
4. Levy a civil administrative remedy of not more than $5,000 for each violation and additional penalties of not more than $500 for each day during which such violation continues after receipt of an order from the department. No penalty may be levied until the person has been notified of the violation by certified mail or personal service. The notice must include a reference to the section of the statute violated, a concise statement of the facts alleged to constitute a violation, and a statement of the person's right to a hearing. After a hearing and a finding that a violation has occurred, the commissioner may issue a final order after assessing the amount of the fine specified in the notice.

It is clear that original jurisdiction for hearing violations of *N.J.S.A.* 13:9–19 and assessing penalties for such violations rests in the DEP, not in the municipal courts of New Jersey. It is only after the DEP has levied an administrative remedy of not more than $5,000 for each violation that the municipal courts have

jurisdiction under the Penalty Enforcement Law of 1999, *N.J.S.A.* 2A:58–1, *et seq.*

For the reasons state above, the captioned actions are dismissed without prejudice.